

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00421-CV

_____

## IN THE INTEREST OF V.R., A.R., AND M.R., CHILDREN

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-122849-88

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Pro se Appellant V.R (Father) challenges the trial court's dismissal of his child support-related motions. Father's five appellate issues re-urge the merits of his dismissed motions by arguing that the evidence—or alleged lack thereof—required judgment in his favor. But we do not have a reporter's record of the dispositive hearing at which the associate judge considered and ruled on Father's motions. And because we must presume that the missing portions of the record support the judgment, we will affirm.

## I.  Background

In the late 1980s, Father was ordered to pay child support to W.T. (Mother). Fast-forward to 2021, and Father—acting through counsel at the time—filed a motion to determine his child support arrearages. He claimed that his "total arrearage . . . should be $0" and that he was "entitled to possession credit," and he requested attorney's fees. Mother responded, asked that the court either deny Father's motion or confirm his sizeable balance of arrearages, and requested attorney's fees of her own.

The litigation stalled for several years. Then, in 2025, Father—acting pro se— filed two motions to "stay income withholding order" and "dismiss the current enforcement of the child support order and garnishment." Father's motions challenged the Office of the Attorney General's (OAG's) authority to garnish his income; he asserted that the OAG had violated his due process rights by acting

without an arrearage judgment and that enforcement of the original child support order was barred by "laches" and "[d]ormancy" due to years of alleged nonenforcement.[1]

A Title IV–D associate judge considered the pending motions at a hearing in July 2025.[2] *See generally* Tex. Fam. Code § 201.104. Although we do not have a reporter's record of the hearing, when it concluded, the associate judge signed a "final order" stating that Father, Mother, and the OAG had appeared; the proceeding had been audio recorded; and "all motion[s we]re dismissed and the request for attorney[']s fees [was] denied." [Capitalization altered.]

Father requested de novo review of the associate judge's ruling, but the referring court found that Father's request was statutorily deficient,[3] so it denied the request. *See id.* § 201.015; *see also id.* § 201.1041 (providing that, with exceptions inapplicable here, "[i]f a request for a de novo hearing before the referring court is not

---

[1]Father sought not only the "[d]ismis[al of] all enforcement and garnishment efforts" but also "the return of $6,000 seized from [his] joint account" and "approximately $56,000 previously garnished."

[2]The associate judge's "final order" mentioned Father's two 2025 motions but did not mention the years-old requests to determine the amount of arrearages. Nonetheless, the "final order" stated that it "resolve[d] all pending legal actions."

[3]The referring court held a hearing on Father's request for de novo review, and it verbally found that Father's request had been insufficiently specific as to the issues on which Father sought review. *See* Tex. Fam. Code § 201.015(b) ("A request for a de novo hearing under this section must specify the issues that will be presented to the referring court."). Father's opening brief does not challenge this ruling; indeed, it does not mention Father's request for de novo review at all. *See infra* note 6.

timely filed . . . , the proposed order or judgment of the associate judge . . . shall become the order or judgment of the referring court by operation of law without ratification by the referring court"); *In re H.F.*, No. 02-16-00347-CV, 2016 WL 6706324, at \*3 (Tex. App.—Fort Worth Nov. 14, 2016, orig. proceeding) (mem. op.) (holding that, because appellant's "request for a de novo hearing did not meet the statutory requirements for such a request," the "Title IV–D associate judge's proposed final order . . . became the final order of the referring court by operation of law"). Father thus proceeded with his appeal. *See* Tex. Fam. Code § 201.016 (clarifying that the "failure to request a de novo hearing before the referring court [via a statutorily compliant request] . . . does not deprive the party of the right to appeal").

## II. Discussion

Father raises five appellate issues.[4] He asserts that the OAG lacked the authority to garnish his income because (1) the original child support order "became dormant" due to years of nonenforcement; (2) the OAG could not enforce the child

---

[4]Father's original brief failed to comply with the Rules of Appellate Procedure, so we requested a corrected brief. However, Father's amended brief—his live opening brief—still fails to comply with the Rules of Appellate Procedure. Indeed, the argument portion of his opening brief contains no record citations whatsoever, and it references an appendix that does not exist. *Cf.* Tex. R. App. P. 38.1(i), (k)(1). Nonetheless, we assume without deciding that this brief is adequate to present Father's five issues for our review. *Cf. In re S.B.*, No. 02-23-00017-CV, 2023 WL 6475637, at \*4–5 (Tex. App.—Fort Worth Oct. 5, 2023, no pet.) (mem. op.) (holding that pro se father in child support-related appeal waived all issues due to inadequate briefing when his "corrected brief . . . fail[ed] to contain any record references or any cites to case law and d[id] not have an appendix").

support order without a separate "signed judgment"; (3) the OAG's determination of Father's arrearages without a "signed judicial order" was a violation of his right to due process; (4) the OAG used a "false case number";[5] and (5) the appellate record is "missing record materials" that the OAG was required to produce to justify its actions. In other words, Father argues that the evidence—or alleged lack thereof—required a ruling in his favor on the merits of his 2025 motions.[6]

---

[5]Father characterizes his alleged evidence of a "false case number" as "newly discovered," implying that he did not raise the issue or present the relevant evidence before the associate judge. To the extent that this is the case, we cannot consider the new issue or evidence. *See* Tex. R. App. P. 33.1(a)(1) (requiring, "[a]s a prerequisite to . . . appellate review, [that] the record must show . . . the complaint was made to the trial court"); *Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 366–67 (Tex. 2019) (denying motion to supplement record and reiterating that "the supplementation rules cannot be used to create new evidence" and that, for evidence to be considered on appeal, it "must have been admitted at the trial court").

[6]Father's reply brief appears to abandon his merits-related arguments altogether, instead insisting that the "central defect" is that "the [referring] trial court . . . dismiss[ed his] challenge to continued enforcement . . . without a merits determination, without admitted evidence at the de novo hearing, without confirming the disputed arrearage, and without resolving [Father's] due-process objections." But the referring court did not "dismiss" his motions at all; the associate judge dismissed the motions, and the referring court denied Father's request for de novo review as statutorily deficient. Father's understanding of the proceeding below is thus unclear.

Regardless, to the extent that Father's reply brief seeks to challenge the referring court's delegation of his motions to the associate judge or the referring court's denial of his request for de novo review, he cannot do so, as "[t]he Texas Rules of Appellate Procedure do not allow parties to add a new issue in their reply brief that was not discussed in their original [opening] brief." *Bookout v. Shelley*, No. 02-22-00055-CV, 2022 WL 17173526, at *20 (Tex. App.—Fort Worth Nov. 23, 2022, no pet.) (mem. op.); *see* Tex. R. App. P. 38.3.

But Father has not provided a reporter's record of the associate judge's dispositive hearing.[7] And contrary to Father's assertions, "missing record materials" are presumed to support the judgment—not the appellant.

As the appellant, Father bears the burden to produce an appellate record sufficient to show reversible error. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."); *In re R.J.K.*, No. 05-24-00099-CV, 2025 WL 2723277, at *8 (Tex. App.—Dallas Sept. 24, 2025, no pet.) (mem. op.) ("It is appellant's burden to present a record showing error requiring reversal . . . ."); *Burgin v. Burgin*, No. 02-24-00504-CV, 2025 WL 2552341, at *3–4 & n.7 (Tex. App.—Fort Worth Sept. 4, 2025, no pet.) (mem. op.) (noting lack of reporter's record and reiterating that "[i]t is the appellant's burden to bring forward a record showing the error alleged"); *see* Tex. R. App. P. 34.6(b)(providing that "the appellant must request in writing that the official reporter prepare the reporter's record," he "must designate the exhibits to be

---

[7]Father filed numerous motions to supplement the appellate record—but not with a reporter's record of the dispositive hearing. Rather, Father moved to supplement the record with, among other things, (1) "newly discovered documentary evidence" of the OAG's "false case number"; (2) "newly discovered evidence demonstrating the absence of a [m]otion for [e]nforcement and the presence of authorized enforcement proceedings"; (3) his own declaration; (4) miscellaneous documents that Father attributed to the OAG; and (5) documents that he filed in the trial court months after the judgment for the express purpose of adding them to the appellate record. But for evidence to be considered on appeal, it "must have been admitted at the trial court." *Baylor Scott & White*, 575 S.W.3d at 366–67 (denying motion to supplement record). We thus denied Father's motions to supplement. Yet, in Father's opening brief, he re-urges those motions. *See infra* note 10.

6

included," and he "must file a copy of the request with the trial court clerk"). When, as here, we lack a reporter's record of the dispositive hearing, we must presume that the missing portions of the record support the judgment.[8] *See R.J.K.*, 2025 WL 2723277, at *6, *8 (noting that, "when an appellant fails to bring forth a record, a presumption arises that the reporter's record would support the trial court's judgment"); *S.B.*, 2023 WL 6475637, at *6 ("Because we have a partial reporter's record . . . we must presume that the missing portions of the reporter's record support the trial court's judgment."); *J.W. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-23-00151-CV, 2023 WL 5208035, at *3 (Tex. App.—Austin Aug. 15, 2023, pet. denied) (mem. op.) ("In the absence of a reporter's record, we must presume that the evidence before the trial court supported its judgment."); *see also Burgin*, 2025 WL 2552341, at *3 (overruling appellant's complaint because, "[w]ithout a reporter's record, we have no way to determine what evidence was presented, much less to discern whether [the appellant] was unfairly denied the opportunity to testify or present evidence as she claims"). This presumption is fatal to Father's five appellate issues.

---

[8]An appellant may avoid this presumption by following the procedures for a limited-record appeal. *See* Tex. R. App. P. 34.6(c). But Father has not followed those procedures, nor does he claim to have done so.

Father's appellate issues are all premised on implied assertions about what the evidence at the dispositive hearing did or did not show.[9] He asserts that the OAG improperly garnished his income, but did the evidence show that the OAG in fact garnished his income—properly or not—in the manner or amount that he claims? He asserts that the child support order "[b]ecame [d]ormant" due to nonenforcement, but did he demonstrate that the child support order went unenforced? He asserts that the OAG "us[ed] a false case number," but did he present evidence of that alleged inaccuracy and show that it harmed him in some way? For that matter, did he show or concede any contrary facts when he appeared before the associate judge? We have no record of the hearing, so we have no way of knowing the answer to any of these questions. And because we have no way of knowing, we must presume that the evidence supported the judgment. *See R.J.K.*, 2025 WL 2723277, at *8 (presuming that evidence supported challenged final protective order and rejecting sufficiency complaint because appellant–father failed to provide a reporter's record of the associate judge's relevant evidentiary hearing or the referring court's de novo hearing); *J.W.*, 2023 WL 5208035, at *3 (presuming that evidence supported judgment and rejecting sufficiency complaint to conservatorship and visitation rulings when

---

[9]It is unclear what facts, if any, were agreed upon by all parties during the hearing before the associate judge. And while the OAG has filed a brief, Mother has not. Moreover, the associate judge's "[d]ismiss[al]" of the pending motions—rather than its denial of those motions—raises questions regarding whether it resolved the motions on their merits at all.

appellant–mother failed to request or provide a reporter's record of the associate judge's dispositive hearing).

We thus overrule Father's five appellate issues.

### III.  Conclusion

Having overruled all of Father's appellate issues, we affirm the judgment.  *See* Tex. R. App. P. 43.2(a).  All pending motions are denied.[10]

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  July 23, 2026

---

[10]In addition to Father's motions to supplement the record, he filed multiple motions for a "stay of garnishment" and for "restitution of wrongfully garnished funds."  [Capitalization altered.]  Although we denied those motions, Father filed many of them in duplicate, and in his brief, he re-urges his motions to supplement.